**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

Fifth Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR:     Carlos L. Padron      JOINT DEBTOR: Milagros Sanchez Suarez  CASE NO.: 17-10699-BKC-RAM
Last Four Digits of SS#    2891        Last Four Digits of SS#    1754

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.    $   2,207.33   for months    1    to    5   ;
    B.    $   2,467.70   for months    6    to    60   ; in order to pay the following creditors:

Administrative:    Attorney's Fee - $3500.00 + $5,000.00 (MMM) + $3,500(MTVx7) + $525.00 Costs = $12,525.00
                    Total Paid   - $ 1,275.00
                    Balance Due  - $ 11,250.00    Payable $   375.00   /month  (Months   1   to   30  )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. BSI Financial Services (H/s-Mtg) [POC 15-1]    Regular Monthly Payment: $570.34 x 60 = $34,220.40
Address:  POB 517    Payment  $  570.34 /month   (Months   1   to   60   )
      Titusville, PA 16354
Account No:   1404718918    Arrears on Petition Date:  $21,058.13
    Payment  $  31.06   /month  (Months   1   to   5   )
    Payment  $ 252.26   /month  (Months   6   to   30   )
    Payment  $ 486.55   /month  (Months   31  to   60   )

2. Nationstar Mortgage, LLC (Non-H/s-Mtg)    MMM Program Proposed Pymt = $560.00 x 60 = $33,600.00
Address: 8950 Cypress Waters Blvd    Payment  $  560.00  /month   (Months   1   to   60   )
      Coppell, TX 75019
Account No:    596623028

3. Hemingway Villas Condominium (H/s)    HOA Regular Payment $ 172.26 x 60 months = $10,335.60
Address: 1000 5th ST #1316    Payment  $ 172.26 /month   (Months   1   to   60   )
      Miami Beach, FL 33139
Account No:    Unit #212    HOA Special Assessment Owed on Petition Date $ 385.20
    Payment  $  6.42 /month   (Months   1   to   60   )

4. Hemingway Villas Condominium (Non-H/s)    HOA Regular Payment $ 172.26 x 60 months = $10,335.60
Address: 1000 5th ST #1316    Payment  $ 172.26 /month   (Months   1   to   60   )
      Miami Beach, FL 33139
Account No:    Unit #110    HOA Special Assessment Owed on Petition Date $ 385.20
    Payment  $  6.42 /month   (Months   1   to   60   )

5. Miami-Dade County Tax Collector [POC 16-1]    Amount Due: $1,100.78 at 18% interest: $1,677.20
Address: 200 NW 2nd Avenue, Suite 430    Payment  $  27.96   /month (Months   1   to   60   )
      Miami, FL 33128

LF-31 (rev. 01/08/10)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED.  A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| Chase Manhattan Mtg (Non-H/s2nd Mtg) Acct # xxxxx5386 | Non-Homestead property located at:: 9375 SW 40 Terr #110 Miami, FL 33165  VALUE: $80,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |
| Hemingway Villas Condominium c/o Advantage Property Mgmt 1000 5th ST #1316 Miami Beach, FL 33139  (Non-H/s-HOA) – Unit #110 | Non-Homestead property located at 9375 SW 40 Terr **#110** Miami, FL 33165  VALUE: $80,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |
| Hemingway Villas Condominium c/o Advantage Property Mgmt 1000 5th ST #1316 Miami Beach, FL 33139  (Non-H/s-HOA-Special Assessment) – Unit 110 | Non-Homestead property located at: 9375 SW 40 Terr **#110** Miami, FL 33165  VALUE: $80,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |
| Hemingway Villas Condominium c/o Advantage Property Mgmt 1000 5th ST #1316 Miami Beach, FL 33139  (H/s-HOA) – Unit 212 | Homestead property located at 9375 SW 40 Terr **#212** Miami, FL 33165  VALUE: $80,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |
| Hemingway Villas Condominium c/o Advantage Property Mgmt 1000 5th ST #1316 Miami Beach, FL 33139  (Non-HOA-Special Assessment) – Unit #212 | Homestead property located at 9375 SW 40 Terr **#212** Miami, FL 33165  VALUE: $80,000.00 | 0.00% | $0.00 | 1 To 60 | $0.00 |
| Ford Motor Credit POB 62180 Colorado Springs, CO 80962  Acct #5517 | 2012 Ford Focus VIN# 1FAHP3K27CL390246  VALUE: $4,050.00 | 5.25% | $ 64.88 $ 77.99 | 1 to 5 6 to 60 | $4,613.40 |

Priority Creditors: [as defined in 11 U.S.C. §507]
1. _____        Total Due $_____
                                 Payable  $_____/month   (Months_____ to _____)

Unsecured Creditors:    Pay $   0.00          month      (Months  1  to  30 )
                        Pay $  140.73         month      (Months  31  to  60 )

LF-31 (rev. 01/08/10)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:  Debtor surrenders all interest in the 2012 Nissan Versa securing the claim of Exeter Finance Corp (account 51001). The debtor(s) is hereby advised that the Ch.13 trustee has requested that the debtor comply with 521 (f) 1-4 on an annual basis during the pendency of this case.   The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous years' income.

"The debtor has filed a Verified Motion for Referral to MMM with Nationstar Mtg (Non-H/s-Mtg)("Lender"), loan number 596623028 for real property located at 9375 SW 40 Terrace, Apt #110, Miami, FL 33165.   "The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan. If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim."

We declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| | |
|---|---|
| /s/ | /s/ |
| Debtor | Joint Debtor |
| Date:    06/20/2017 | Date:    06/20/2017 |

LF-31 (rev. 01/08/10)